UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SANDRA H.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:21-cv-01364-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Sandra H. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). The Commissioner has filed a Motion For Remand (ECF 15). For the reasons set forth below, the motion is GRANTED and the ALJ's decision is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

Plaintiff protectively filed for Title II disability benefits on March 19, 2019, alleging disability beginning on July 10, 2017. Her application was initially denied on June 11, 2019, and upon reconsideration on August 27, 2019. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on January 6, 2021. The ALJ issued an unfavorable decision on February 12, 2021, and the Appeals Council denied plaintiff's request for review on July 16, 2021. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

**SEQUENTIAL ANALYSIS AND ALJ FINDINGS**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 10, 2017. At step two, the ALJ determined plaintiff suffered from the following severe impairments: cardiomegaly, obesity, diabetes mellitus, gastroesophageal reflux disease (GERD), anemia, angina pectoris, hypertension, degenerative disc disease of the lumbar and cervical spine, and osteoarthritis of the hands and wrists (20 CFR 404.1520(c)).

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could "perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, crouch, crawl, kneel, and climb ramps or stairs. She can frequently handle, finger, and feel bilaterally. She can never work around no moving mechanical parts and unprotected heights."

At step four, the ALJ found plaintiff was capable of performing past relevant work as a cashier II and equipment clerk. Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

When a court determines the Commissioner has erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

Here, the Commissioner concedes the ALJ's "decision does not adequately articulate reasoning to find Plaintiff's subjective symptom complaints reliable."[2] Thus, the first requisite of the *Garrison* test is met.

But even assuming the second and third *Garrison* factors are satisfied, there are serious doubts as to whether plaintiff is disabled. Of particular significance is the fact that plaintiff worked as a paid caregiver for her mother between 2017 and 2019. Tr. 264. Plaintiff testified that, initially, she was living in her mother's home, and as such was only paid for two hours per

---

[2] Plaintiff also claims the ALJ erred in failing to acknowledge the lay witness statements by her mother. Plaintiff's mother's report largely mirrors plaintiff's complaints, and the Commissioner suggests that on remand, the ALJ should consider the nonmedical source statements consistent with 20 C.F.R. § 404.1520c(d).

4 – OPINION AND ORDER

day, although she was working "probably ten hours per day." Tr. 266. After she moved out in December 2018, she was paid for 22 hours per week. Tr. 265. Plaintiff described that she "did her [mother's] medication management," set her appointments, took her to and from appointments, "kept the house," including doing dishes, laundry, vacuuming, sweeping, and mopping, picked up the yard, and went shopping. Tr. 265-66. While plaintiff was paid for 22 hours of care per week, she testified that she spent more time than that with her mother performing the tasks described above and providing companionship. Additionally, plaintiff testified that she drove 50 miles each way—or 100 miles roundtrip—to care for her mother. Tr. 265.

Holding oneself out for part-time work is not inconsistent with the receipt of disability benefits, which only requires the inability to work full-time. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). However, "[a]n ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, the number of hours and extent of the activities performed by plaintiff helps to create a strong doubt that plaintiff is disabled.

Other information in the record also helps to create a strong doubt. For instance, plaintiff's May 2019 psychological examination showed she was cognitively intact and capable of managing her own funds, she was able to perform simple and repetitive tasks on a regular basis, she was able to handle routine stressors, her ability to perform detailed and complex tasks was only mildly impaired, and her ability to work with coworkers, supervisors, and the public and perform work activities on a consistent basis without special or additional instructions was only mildly impaired. Tr. 801. Plaintiff reported that her depression medications were working well. Tr. 15. The state consultative examiner further observed there were no signs of severe

mood or anxiety, and plaintiff had intact cognitive functioning and no more than mild functional impairment. Tr. 305, 307.

Also, plaintiff's medical reports showed a normal stress tests, Tr. 620, 673, 1170, normal ECG, Tr. 991, 1176, and no active cardiopulmonary disease was identified. Tr. 662; *see also* Tr. 852 (noting regular rate and rhythm, no murmur); Tr. 857 (noting no chest pains and no palpitations). Regarding plaintiff's diabetes, records show it was "poorly controlled" and dietary change was encouraged. Tr. 665; *see also* Tr. 1028 (observing large self-adjustments in insulin and lengthy discussion regarding diet; plaintiff admitted consuming an "indiscriminate amount of carbs and usually no protein or enough fiber).

Granted, these few excerpts do not completely characterize the 2000+ page record in this case; rather, they are provided to illustrate why the ALJ should be the one to have the opportunity to reassess the record on remand.

## ORDER

The Commissioner's Motion for Remand (ECF 15) is GRANTED and the ALJ's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED January 13, 2023.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge